TIMOTHY M. BURGESS
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
Susan.Lindquist@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOEL WALLENDER, | ) Case No. 3:05-cv-263-JKS |
| Plaintiff, | ) |
| vs. | ) ANSWER |
| UNITED STATES CORPS OF ENGINEERS, | ) |
| Defendant. | ) |

The United States of America, U. S. Army Corps of Engineers, responds to plaintiff's Complaint as follows:

1.  Government has insufficient knowledge to admit or deny the allegation of Paragraph 1.

2. Government admits the allegation of Paragraph 2.

3. Government admits the allegation of Paragraph 3.

4. Government denies the allegation of the first sentence of Paragraph 4. The Government's records indicate that the claim was submitted on or around November 19, 2003. The Government has insufficient knowledge to admit or deny what date plaintiff received the final denial of his claim, but admits that a final denial was issued June 8, 2005. The last sentence is a legal allegation which does not require an answer.

5. Defendant admits the allegations of Paragraph 5.

6. The Government admits the allegations of the first three sentences of Paragraph 6. The Government has insufficient knowledge to admit or deny plaintiff's allegations regarding Mr. Wallender's experience or diligence.

7. The Government admits the allegations of Paragraph 7.

8. The Government admits the allegations of Paragraph 8.

9. The Government admits the allegations of Paragraph 9.

10. The Government has insufficient knowledge to admit or deny the allegation of the first sentence of Paragraph 10. The Government admits the allegations of the remainder of Paragraph 10.

11. The Government admits that Osborne's fall protection plan failed to meet the requirements of EM 385-1-1, but denies that this failure was attributable to anyone other than Osborne. Deny all remaining allegations.

12. This is a legal allegation which does not require an answer.

13. The Government admits the allegations of Paragraph 13.

14. The Government admits that Osborne's safety plan did not conform to the requirements of its contract or with EM 385-1-1, and that Osborne did not seek, nor was it granted a waiver.

15. The Government denies the allegations of Paragraph 15.

16. The Government denies the allegations of Paragraph 16.

17. The Government denies the allegations of Paragraph 17.

18. The Government denies the allegations of Paragraph 18.

19. The Government denies the allegations of Paragraph 19.

20. The allegations of Paragraph 20 amount to a legal conclusion to which no response is necessary. To the extent that a response is required, the Government denies the allegations of Paragraph 20.

21. The allegations of Paragraph 21 a through i amount to a legal conclusion to which no response is necessary. To the extent that a response is required, the Government denies all allegations of Paragraph 21.

22. The allegations of Paragraph 22 amount to a legal conclusion to which no response is necessary. To the extent that a response is required, the Government denies all allegations of paragraph 22. The Government has insufficient knowledge to admit or deny the allegations regarding the extent of Mr. Wallender's injuries.

23. The Government denies the allegations of Paragraph 23.

The remainder of plaintiff's Complaint is a prayer for relief to which no response is necessary. Any allegation not specifically admitted or denied, that requires an answer, is denied.

## AFFIRMATIVE DEFENSES

1. The Army Corp. of Engineers ("COE") owed no duty to Mr. Wallender.
2. The COE did not breach any duty owed to Mr. Wallender.
3. If it is found that COE owed any duty to Mr. Wallender, any duty was delegated to Osborne.
4. The COE did not cause any physical injury to Mr. Wallender.
5. Any injury sustained by Mr. Wallender was caused by the intervening negligence of another party.
6. Mr. Wallender was contributorily negligent.
7. The COE did not retain control over the work site and retained no duties alleged in paragraph 20, as a property owner.
8. The COE exercised its discretion in contracting with the Osborne Construction Co.
9. Mr. Wallender is not a third party beneficiary to the contract between COE and Osborne and does not have standing to sue for any alleged breach of that contract.
10. Any failure during the contracting process can only be addressed by contract law and not by tort law.

RESPECTFULLY SUBMITTED this 13th day of January, 2006, in Anchorage, Alaska.

> TIMOTHY M. BURGESS
> United States Attorney
>
> s/ Susan J. Lindquist
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3378
> Fax: (907) 271-2344
> E-mail:
> susan.lindquist@usdoj.gov
> AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on Jan. 13, 2006,
a copy of the foregoing ANSWER was served
by email to:

ehrhardt@kenai.com and
cyndy@kenai.com

Peter R. Ehrhardt
Friedman Rubin et.al.
215 Fidalgo Avenue
Suite 203
Kenai, AK 99611

s/ Susan J. Lindquist