IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOEL WALLENDER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 3:05-CV-00263-JKS<br><br>O R D E R |

　　　　Joel Wallender sues the United States Corp of Engineers. Wallender relies upon the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Wallender alleges that he was injured while working as an employee of Osborne Construction Company performing a contract for the United States Corp of Engineers. The United States moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Docket Nos. 10 (motion); 17 (opp'n); 26 (reply); 31 (sur-reply). The Court will consider the motion without oral arguments. *See* D. Ak. LR 7.2(a)(3)

**Federal Rule of Civil Procedure 12(b)(1)**

　　　　The Government correctly points out that the Federal Tort Claims Act does not give the District Court jurisdiction over contract claims, and argues that at least in part Wallender has brought a contract claim. The Government correctly argues that where a motion to dismiss on jurisdictional grounds is brought, the parties may rely upon facts outside the pleadings to resolve the issue. In his response, Wallender clarifies that he is not suing as a party to a contract with the Government nor as a third party beneficiary to Osborne's contract with the Government. Rather, Wallender argues that he has only referenced the contract between Osborne and the Government to

provide a foundation for claims under Restatement (Second) of Torts §§ 413 (failure to warn of peculiar risks) and 414 (retained authority). Wallender's clarification resolves the motion in so far as it relies upon Rule 12(b)(1). Wallender's claims are tort claims, not contract claims, giving this Court subject matter jurisdiction over them.

### Federal Rule of Civil Procedure 12(b)(6)

Motions pursuant to Federal Rule of Civil Procedure 12(b)(6) are limited to a review of the pleadings. The court may not go beyond the pleadings and consider potential evidence without turning the motion into a motion for summary judgment, which it should not do at the beginning of a case before the completion of discovery. *Cf.* Fed. R. Civ. P. 56(f) (allowing opponent of motion for summary judgment time to conduct discovery). In ruling on such a motion the court must look only to the short plain statement of the facts contained in the complaint and ask whether, under the applicable law, it is possible that the plaintiff may be able to prove a claim. Here the applicable law is the Federal Tort Claims Act, which incorporates the substantive law of the state of Alaska. Thus, the motion requires the Court to determine whether it is possible that Wallender might be able to prove a claim based on Restatement §§ 413 and 414, as interpreted by the Supreme Court of Alaska.

Wallender argues that he might be able to prove that his case is similar to *Moloso v. State*, 644 P.2d 205 (Alaska 1982), where a claim under § 414 was sustained. The Government argues that this case is closer to *State v. Morris,* 555 P.2d 1216 (Alaska 1976), where a claim under § 414 was rejected. This matter cannot be resolved on the pleadings. Typically, the question whether a landowner or general contractor has retained sufficient control over the job site to impose a duty of care is a question of fact. It is only after discovery is completed that the Court will be able to determine whether this is the typical case requiring a trial, or a case where the facts are undisputed and one of the parties is entitled to judgment as a matter of law. *Anderson v. PPCT Mgmt Sys., Inc.,* 145 P.3d 503 (Alaska 2006); *Petranovich v. Matanuska Elec. Ass'n*, 22 P.3d 451 (Alaska 2001).

It is not possible from the pleadings alone to determine whether the risk that lead to Wallender's accident was "peculiar" or a normal risk of his trade. Further development of the facts will be necessary to determine whether the Alaska Supreme Court would find that the United States

ORDER

owed Wallender a duty of care under Restatement (Second) of Torts § 413.  *See Matomco Oil Co., Inc. v. Arctic Mechanical, Inc.*, 796 P.2d 1336 (Alaska.1990); *and, Sievers v. McClure*, 746 P.2d 885 (Alaska 1987).

Potential liability under §§ 413 and 414 require denial of the motion to dismiss at this time. This resolution of the motion to dismiss makes it unnecessary to determine whether Wallender might also have a claim under § 416 (ultrahazardous activity) or the theory approved by the Ninth Circuit (applying Alaska law in an unpublished opinion) in *Janitscheck v. United States*, 45 Fed.Appx 809 (9th Cir.2002) (negligence per se for violation of OSHA regulation), *but see Morris v. City of Soldotna*, 553 P.2d 474 (Alaska 1976) (rejecting negligence per se).  Finally, in holding that Plaintiff has plead a claim, not that he has proved it, the Court has considered only the pleadings and has not viewed any evidence, in accordance with Federal Rule of Civil Procedure 12(b)(6).  Since evidence has not been considered, the parties' dispute over evidence, as presented in the motion at Docket No. 32 and the response at Docket No. 33, is rendered moot.

**IT IS THEREFORE ORDERED**:

The motion to dismiss at **Docket No. 10** is **DENIED**.  The motion for hearing oral argument at **Docket No. 18** is also **DENIED.**  The motion to amend or correct at **Docket No. 32** is **DENIED AS MOOT**.

Dated at Anchorage, Alaska, this 15th day of March 2007.

                                                /s/ James K. Singleton, Jr.
                                                **JAMES K. SINGLETON, JR.**
                                                   United States District Judge